**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 6:23-CR-00141** |
| | **CIVIL NO. 6:26-CV-00926** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **JOREL HUGHES** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

<u>**RULING AND ORDER**</u>

Before the Court is a MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 (the "Motion") [Doc. 50] filed *pro se* by Defendant Jorel Hughes ("Hughes") on March 24, 2026.  The Government filed a Response on May 15, 2026 [Doc. 55].  After considering the arguments of the parties,[1] the record, and the relevant case law, the Motion is DENIED.

I.      **Factual Background and Procedural History**

    *A.      Indictment & Guilty Plea*

On June 22, 2023, a federal grand jury returned a one-count Indictment against Hughes, charging him with possession of firearms and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).  [Doc. 1].  On August 18, 2023, Hughes pled guilty to that charge in this Court.  His plea was

---

[1]      The Court determined that no evidentiary hearing on the Motion was required. "When the files and records of a case make manifest the lack of merit of a Section 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also United States v. Reed*, 719 F.3d 369, 373-74 (5th Cir. 2013).  An evidentiary hearing on a § 2255 motion is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).

pursuant to a written plea agreement, which was accepted by the Court, and he was represented by counsel at his change of plea hearing.  [Docs.  25, 26].

During the guilty plea colloquy, the Court established that Hughes had never been in a mental institution or treated for a mental illness of any kind; was not under the influence of any medications or drugs; was able to assist in his own defense; had discussed the charges with his attorney; and was satisfied with his attorney's representation.  Hughes also informed the Court that he had not been forced to plead guilty; he had seen and received a copy of the charges that had been filed against him; and he understood both the maximum possible sentence he faced and the effect of the sentencing guidelines in his case.  Hughes further stated that he understood his constitutional right to remain silent; his constitutional right to the assistance of counsel; his constitutional right to trial by jury; his constitutional right to a presumption of innocence that the government must overcome by proving guilt beyond a reasonable doubt; and his constitutional right to cross-examine opposing witnesses and to subpoena witnesses on his behalf.

### B.    Sentencing

In the final Presentence Investigation Report ("PSR"), the probation office assessed Hughes with a base offense level of 24 because Hughes had at least two felony convictions of either a crime of violence or a controlled substances offense. [Doc. 43, ¶ 14].  Another two levels were added because one of the guns he possessed in the predicate offense was stolen. [Doc. 43, ¶ 15].  After adjustments for obstruction of justice and acceptance of responsibility, Hughes's total offense level was 25. [Doc. Doc. 43, ¶ 22].  The criminal history computation in the PSR established Hughes's

criminal history category of VI.  [Doc. 43, ¶ 36].  Hughes's guideline imprisonment range was 110 months to 137 months.  [Doc. 43, ¶ 58).

On November 16, 2023, Hughes was sentenced to 126 months imprisonment, three years of supervised release, and a $100 special assessment.  [Doc. 39].  Hughes was informed by the Court at his sentencing hearing that he had the right to appeal his sentence and that a notice of appeal must be filed within 14 days of judgment if he wished to appeal.  The judgment was issued on November 16, 2023. [Doc. 41].  On October 15, 2025, Hughes filed a motion to reduce sentence under 18 U.S.C. § 3582(c)(2) based on a guideline sentencing range that had subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u).  [Doc. 44].  The motion was denied by the Court.  [Doc. 48].

### C.    *Instant Motion*

On March 24, 2026, Hughes filed the instant Motion, requesting that the Court vacate, set aside, or correct his sentence.  [Doc. 50].  In his Motion, Hughes appears to argue that his sentence was improperly calculated because the Government did not establish that he used the firearm underlying his § 922(g)(1) conviction.  On March 25, 2026, the Court ordered the Government to respond to Defendant's Motion. [Doc. 51].  The Government's response was filed on May 15, 2026.  [Doc. 55].

All issues having been fully briefed, the Motion is ripe for review.

## II.    Law and Analysis

### A.    *28 U.S.C. § 2255 Standard*

Hughes seeks relief pursuant to 28 U.S.C. § 2255.  That section provides, as relevant here:

> (a)    A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  Section 2255 post-conviction relief is reserved for errors of constitutional dimension and other injuries that could not have been raised on direct appeal and, if left unaddressed, would result in a complete miscarriage of justice. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996).

### B.    Hughes's Motion is Untimely

A motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.  28 U.S.C. § 2255(f).[2]  For the purpose of the § 2255 statute of limitations, "[f]inality attaches when this Court affirms a conviction on the

---

[2]    28 U.S.C. § 2255(f) states:

**(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

**(1)** the date on which the judgment of conviction becomes final;
**(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). Here, Hughes's conviction became final on the last day to file a timely notice of appeal, that is, 14 days after the judgment was entered on the docket. *See* Fed. R. App. P. 4(b). The Judgment was entered on November 16, 2023. Hughes's conviction, therefore, became final on November 30, 2023. Hughes did not file his § 2255 Motion until March 24, 2026, after the one-year statute of limitations had run on approximately November 30, 2024, and therefore the Motion is time-barred unless he is entitled to equitable tolling.

Section 2255's one-year limitations period is not jurisdictional and therefore may be equitably tolled. *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008). Equitable tolling is a discretionary doctrine that turns on the facts and circumstances of a particular case and does not lend itself to bright-line rules. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). In the Fifth Circuit, tolling is permitted in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Hughes bears the burden of establishing that equitable tolling is appropriate. *Petty*, 530 F.3d at 365, *citing Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir.), *modified on reh'g,* 223 F.3d 797 (2000) (per curiam). In order to satisfy his burden, Hughes must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 Motion. *Petty*, 530 F.3d at 365, *citing Lawrence v. Florida,* 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007).

Hughes contends that his Motion should be deemed timely because "he was moving through the (BOP) as Covid was still high and [he] did not have access to [a] computer." [Doc. 50, p. 11]. But courts have found that prisoners invoking delays caused by the Covid-19 pandemic are not entitled to equitable tolling if there is no evidence that they diligently pursued their right to file a § 2255 motion. *See., e.g., Rougeau v. United States*, 2023 WL 5751430, at *3 (E.D. Tex. Sept. 6, 2023); 2021 WL 2211351 (N. D. Tex. May 3, 2021) *report and recommendation adopted*, 2021 WL 2207108 (N. D. Tex. June 1, 2021); *certificate of appealability denied*, 2022 WL 2232509, at *1 (5th Cir. Feb. 23, 2022) (in the context of a § 2254 petition, a petitioner's failure to show specifically how the Covid-19 pandemic prevented him from timely seeking relief should be dismissed with prejudice as time-barred); *United States v. Thomas,* 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020), *citing United States v. Mayfield*, 2020 WL 1663582, at *1 (D. Neb. Apr. 3, 2020) (holding that when, "as a result of the COVID-19 pandemic, his access to the law library has been limited, preventing him from completing his motion," equitable tolling would only be appropriate if the motion "was diligently pursued").[3]

---

[3]    Moreover, as a general rule, courts within the Fifth Circuit have held that transfers and delays in receiving paperwork are parts of prison life that do not, alone, constitute grounds for equitable tolling, nor does an unsupported allegation of an inability to visit a law library. *See generally Lewis v. Casey*, 518 U.S. 343, 362 (1996) (lockdown prisoners routinely experience delays in receiving legal materials or legal assistance, but so long as they are the product of prison regulations reasonably related to legitimate penological interests, such delays are not of constitutional significance, even where they result in actual injury); *see also United States v. Cockerham*, 2012 WL 12867870, at *2 (W.D. Tex. Aug. 27, 2012) ("Transfers to other facilities resulting in separation from legal papers are not rare and extraordinary and do not warrant equitable tolling."). *United States v. Clay*, 2021 WL 2018996, at *3 (S.D. Tex. May 18, 2021), *quoting Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011).

Here, Hughes fails to specify how the COVID-19 pandemic prevented him from timely seeking relief, other than his argument that he did not have access to a computer. Notably, the § 2255 form does not require legal argument or citations to case law; in fact, it states that a petitioner should not do so and should simply provide the facts supporting his claims, and the record shows that Hughes submitted a handwritten § 2255 form. Nevertheless, to the extent the Court acknowledges that access to a computer could have facilitated the completion of the § 2255 form, Hughes has presented no evidence that he diligently pursued his right to file a § 2255 motion. For example, Hughes does not allege specific dates when his housing unit was locked down because of COVID-19 and how this prevented him from having access to a computer, nor does he allege any specific instances of disruption caused by COVID-19 lockdowns or that he was specifically unable to research his claims or obtain legal forms. Stated another way, Hughes shows no causal link between any pandemic-related impediments – lockdowns and limited access to the law library and legal forms – and his inability to file the federal petition. Thus, while Hughes vaguely refers to "moving through" the Bureau of Prisons and not having access to a computer, he does not allege any facts that establish that he diligently pursued § 2255 relief or that pandemic precautions actually prevented him from filing a timely habeas petition. For this reason, Hughes is not entitled to equitable tolling, and his Motion is time-barred.

### C.    *Hughes's Motion Lacks Merit*

Even if equitable tolling were to apply, Hughes's Motion lacks merit. Hughes argues that his sentence was improperly enhanced and "connected to a crime of

violence," while the crime to which he pled was "only a simple felon in possession of [a] firearm." [Doc. 50, p. 4]. But Hughes appears to misunderstand the basis for his Guidelines calculation. The PSR did not increase his offense level because the instant § 922(g)(1) offense constituted a crime of violence, nor did it require proof that Hughes used the firearm underlying the instant offense in connection with a prior violent offense. Rather, pursuant to U.S.S.G. § 2K2.1(a)(2), Hughes received a base offense level of 24 because he committed the instant offense after sustaining at least two prior felony convictions that qualified as either crimes of violence or controlled substance offenses. [Doc. 43, ¶¶ 14, 26, 28, 30, 31, 34]. *See United States v. Casper*, 2017 WL 2198184, at *4 (S.D. Miss. May 18, 2017) (defendant not entitled 2255 relief where four level adjustment of base offense level was based on two prior felony convictions of controlled substances offenses).

Accordingly, the relevant inquiry is whether Hughes had the requisite qualifying prior convictions, not whether he used the firearms possessed in the instant offense. Because Hughes had prior convictions for distribution of marijuana and cocaine, his base offense level was properly computed to be 24. For this reason, Hughes's argument is without merit and even if he were able to establish that his Motion was timely filed, he would not be entitled to § 2255 relief on his claim.

## CONCLUSION

Therefore, for the reasons stated herein,

IT IS HEREBY ORDERED that defendant's MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 [Doc. 50] is DENIED. A separate judgment is entered herewith.

IT IS FURTHER ORDERED that under 28 U.S.C. § 2253(c)(2) and Rule 11(a) of the Rules Governing Section 2255 Proceedings, a Certificate of Appealability is DENIED.

THUS, DONE AND SIGNED in Chambers on this 30th day of June 2026.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE